# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number: **11-05263-dd**

Adversary Proceeding Number: **11-80211-dd**

## ORDER

The relief set forth on the following pages, for a total of 5 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**09/19/2012**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 09/20/2012

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>James P. Doyle,<br><br>　　　　　　　　　　　　Debtor.<br><br>Paku Bhagani,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>James P. Doyle,<br><br>　　　　　　　　　　　　Defendant. | C/A No. 11-05263-DD<br><br>Adv. Pro. No. 11-80211-DD<br><br>Chapter 7<br><br>**ORDER** |

　　　　This matter is before the Court on a Complaint filed by Paku Bhagani ("Plaintiff") on December 12, 2011 and amended on February 8, 2012. James P. Doyle ("Defendant") filed an Answer to the Complaint on March 12, 2012. A trial was held on September 11, 2012. The Court now issues the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

　　　　In February 2008, Defendant entered into an agreement with Plaintiff to purchase a liquor store for $280,000. On February 26, 2008, Defendant and his wife, Patricia Doyle, executed a promissory note, promising to pay Plaintiff $140,000 at 8 percent over 60 months.[1] On February 29, 2008, Defendant and Ms. Doyle executed a security agreement which gave Plaintiff a security interest in the liquor store and in real property owned by Defendant and located in Harvard, Illinois. The security agreement provided that Defendant was to sell the Harvard, Illinois property and deposit the sale proceeds in a personal Vanguard account, a portion of which would be paid to Plaintiff. The security agreement contained several requirements for

---

[1] The remaining $140,000 was paid to Plaintiff as a down payment from Defendant's personal funds.

Defendant, including requirements that he maintain a certain level of inventory at the liquor store and that he provide monthly statements of his Vanguard accounts to Plaintiff. The security agreement and note were not prepared by an attorney.

Defendant testified, and Plaintiff corroborated, that Defendant made three payments on the note. After a few months of operating the store, Defendant testified that he believed it was much less profitable than he was led to believe. Defendant sued Plaintiff in state court, alleging numerous causes of action, including breach of contract, fraud, fraud in the inducement, and negligent misrepresentation. Plaintiff counterclaimed and brought a third-party claim against Ms. Doyle for breach of contract and enforcement of the parties' security agreement. The state court held a trial, and at the conclusion of the trial, the court dismissed all of Defendant's causes of action and directed a verdict for Plaintiff as to the foreclosure of the liquor store. The jury then returned a verdict on Plaintiff's breach of contract cause of action in the amount of $156,000. The court ordered Defendant to relinquish the store and refrain from removing any inventory, fixtures, furniture, or other personal property from it. Plaintiff now operates the store.

Defendant filed a chapter 7 bankruptcy petition on August 24, 2011 and listed Plaintiff as a creditor on his Schedule F in the amount of $156,000. Plaintiff's adversary complaint was filed on December 12, 2011, the last day to oppose dischargeability, and alleges that his debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A).[2]

## **CONCLUSIONS OF LAW**

11 U.S.C. § 523(a)(2)(A) provides:

---

[2] Plaintiff's original complaint, in the form of a letter to the Court, did not make reference to a specific subsection of section 523. As a result, the Court ordered a more definite and certain statement on March 1, 2012. Plaintiff supplemented the letter on February 8, 2012. The February 8 letter does not make reference to a specific subsection of section 523, but Plaintiff did reference section 523(a)(2)(A) in his response to a Motion to Dismiss filed by Defendant. At the hearing on the Motion to Dismiss, the Court limited Plaintiff to proceeding under section 523(a)(2)(A). At trial Plaintiff made reference to section 523(a)(4), (6), and (19), but the evidence did not support a judgment under these sections.

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt – (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by – (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

An objecting creditor bears the burden of proving that its debt is nondischargeable under section 523(a)(2)(A) by a preponderance of the evidence. *First Card Servs., Inc. v. Team Motorsports, Inc. and Greg Godbout (In re Team Motorsports, Inc.)*, 227 B.R. 427, 430 (Bankr. D.S.C. 1998) (citations omitted). To establish a prima facie case under section 523(a)(2)(A), the plaintiff must prove five elements:

1. that the debtor made a representation;
2. that at the time he knew the representation was false;
3. that he made it with the intention and purpose of deceiving the creditor;
4. that the creditor relied on such representation; and
5. that the creditor sustained the alleged loss and damage as the proximate result of the representation.

*Discover Bank v. Warren (In re Warren)*, No. 11-06879-dd, Adv. No. 12-80002-dd, 2012 WL 1410260, at *3 (Bankr. D.S.C. Apr. 23, 2012) (quoting *First Card Servs., Inc. v. Team Motorsports, Inc. and Greg Godbout (In re Team Motorsports, Inc.)*, 227 B.R. 427, 430 (Bankr. D.S.C. 1998)).

Plaintiff did not satisfy his burden under section 523(a)(2)(A). The evidence Plaintiff presented at trial simply established that the parties had a contract for Defendant to purchase the liquor store, that Defendant defaulted on the payments under the parties' agreement, that Defendant sued Plaintiff, and that Plaintiff counterclaimed and prevailed, receiving possession of the liquor store and an award of damages, but incurring attorney fees in the process. Plaintiff did not present any evidence relating to a misrepresentation or any fraud by Defendant. There was no evidence that Defendant entered into the agreement without intending to pay for the liquor store, and in fact he made three payments before he, according to his testimony, determined that

he had been misled with regard to the profitability of the store. When purchasing the store, Defendant provided Plaintiff with statements from his Vanguard account and granted Plaintiff a security interest in his real property. Additionally, Defendant paid half of the purchase price for the store as a down payment. Plaintiff incurred damages as a result of Defendant's actions relating to the purchase of the liquor store, but the elements of section 523(a)(2)(A) are not met.

Plaintiff complained that the Illinois real property was transferred to a different owner at or about the time of the liquor store purchase. It appears that this transfer was to a different trustee for what apparently is a family trust. See Plaintiff's Exhibit #8. Plaintiff seemed satisfied that his lien on the real estate survives and is not avoidable in the bankruptcy case. No evidence was presented concerning the validity of the lien.

Plaintiff also complained that Defendant removed inventory and, perhaps, other property from the liquor store following the state court judgment for possession. The testimony concerning this was conflicting and did not serve to meet Plaintiff's burden of proof. This and other suggestions of misconduct by Defendant do not support any finding of a misrepresentation on the part of Defendant at the time the debt was created. Rather, the allegations simply reflect acrimony and mistrust that arose between the parties at a later date. Defendant's debt to Plaintiff is discharged.

## **CONCLUSION**

For the reasons set forth above, Plaintiff has failed to establish that his debt is nondischargeable under section 523(a)(2)(A). Defendant's debt to Plaintiff is discharged.

AND IT IS SO ORDERED.